

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: April 24, 2019.**

_____
**CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 18-50979-CAG |
| | § | |
| CLYDE JONES and | § | |
| SANDRA SARRAN, | § | |
| | § | CHAPTER 7 |
| Debtors. | § | |

| | | |
|---|---|---|
| NOLA LANELL JENKINS, TRUSTEE OF | § | |
| THE KATHRYN CHILRESS | § | |
| IRREVOCABLE TRUST, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | ADVERSARY NO. 18-05233-CAG |
| | § | |
| CLYDE JONES, | § | |
| | § | |
| Defendant. | § | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT (ECF NO. 44)**

Came on for consideration the above numbered adversary proceeding and, in particular,

1

Plaintiff's Motion for Summary Judgment (ECF No. 44),[1] Defendant's Affidavit in Response to Plaintiff's Motion for Summary Judgment (ECF No. 46) ("Affidavit in Response"), and Plaintiff's Reply to Defendant's Affidavit in Response to Plaintiff's Motion for Summary Judgment (ECF No. 47) ("Plaintiff's Reply"). This Court took the matter under advisement without necessity of a hearing. After considering the pleadings and arguments of counsel contained therein, the Court finds that Plaintiff's Motion for Summary Judgment should be granted.

This Court has jurisdiction over this matter under 28 U.S.C. §§ 1334 (a) and (b). This is a core proceeding under 28 U.S.C. § (b)(2)(I) because it involves determinations as to the dischargeability of debts. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This matter is referred to the Court pursuant to the District Court's Standing Order of Reference.

## FACTUAL AND PROCEDURAL HISTORY

On November 18, 2016, Nola Lanell Jenkins, Trustee of the Kathryn Childress Irrevocable Trust ("Plaintiff") filed a Statement of Claim requesting a FINRA Customer Dispute Resolution Arbitration (the "FINRA Arbitration") against Clyde Jones ("Defendant"), Rubicon Investment Management & Analytics, LLC ("Rubicon"), Scottrade, Inc. ("Scottrade"), and Michael Heridia ("Heridia"). Plaintiff asserted the following causes of action: violations of the Texas Securities Act, violations of equitable principles of trade and fair dealing, supervision violations, breach of fiduciary duty, negligent training and supervision, and participatory and vicarious liability. (ECF No. 44, Ex. B-1). The causes of action were "related to [Plaintiff's] allegation that Scottrade, Rubicon, [Defendant], and Heridia made unsuitable investments, concentrating [Plaintiff's] portfolio in small cap and penny stocks." (*Id*.) Plaintiff also asserted that Defendant "failed to rebalance [Plaintiff's] portfolio to reduce risk and volatility despite multiple requests." (*Id*.)

---

[1] Unless otherwise noted, all references to "ECF" herein refer to documents filed in Adversary Case No. 18-05233.

Defendant filed a Statement of Answer on January 23, 2017 that requested that Plaintiff take nothing by its claims, and that the FINRA Panel assess all costs associated with this claim against Plaintiff. (*Id.*) Defendant appeared *pro se* at two pre-hearing sessions and eight hearing sessions in front of the all-public panel of the FINRA Office of Dispute Resolution (the "FINRA Panel"). (*Id.*)

After considering "the pleadings, testimony and evidence presented at the hearings," the FINRA Panel issued an Award (the "FINRA Award") on March 26, 2018 that was "decided in full and final resolution of the issues submitted for determination." (*Id.*) The FINRA Award states as follows:

1. Clyde Mick Jones is liable for and shall pay to Nola Lanell Jenkins, Trustee of the Kathryn Childress Irrevocable Trust the sum of $625,000.00 in compensatory damages.

2. Clyde Mick Jones is liable for and shall pay to Nola Lanell Jenkins, Trustee of the Kathryn Childress Irrevocable Trust the sum of $30,000.00 in costs.

3. Clyde Mick Jones is liable for and shall pay to Nola Lanell Jenkins, Trustee of the Kathryn Childress Irrevocable Trust the sum of $250,000.00 in attorneys' fees pursuant to Federal Rules of Civil Procedure Chapter VII, Texas Civil Practices and Remedies Code Chapter 38 & FINRA Rule 2310.

4. Any and all claims for relief not specifically addressed herein, including punitive damages, are denied.

(*Id.*) Defendant did not challenge the FINRA Award. On April 26, 2018, Defendant filed an Application to Confirm Arbitration Award in the 166th Judicial District of Bexar County, Texas ("Bexar County District Court"). Also on April 26, 2018, Defendant and co-debtor Sandra Sarran[2] filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (the "Bankruptcy Case"). In the Bankruptcy Case, the Court granted a Motion for Annulment of Stay Nunc Pro Tunc

---

[2] Ms. Sarran is not a party to the captioned adversary proceeding. Defendant and Ms. Sarran's bankruptcy case is filed in this Court under case number 18-50979-cag.

3

under 11 U.S.C. § 362(d)(1) to allow Plaintiff to confirm the FINRA Award in state court. (Case No. 18-50979, ECF No. 26).

Plaintiff initiated this adversary proceeding on June 29, 2018, based on allegations that the FINRA Award is non-dischargeable in Defendant's bankruptcy case pursuant to 11 U.S.C. §§ 523(a)(4) and (a)(19).[3] On July 31, 2018, Defendant filed Defendant's First Amended Answer and Affirmative Defenses to Plaintiff's Original Complaint (ECF No. 9). On July 31, 2018, Defendant filed Debtor/Defendents' [sic] Rule 12(b)(6) Motion to Dismiss or in the Alternative 12(e) Motion for More Definite Statement and Motion to Reinstate Stay (ECF No. 5) ("Rule 12(b)(6) Motion"), which was denied for reasons stated on the record at an oral ruling held on November 28, 2018.[4] (ECF No. 29).

On February 7, 2019, Plaintiff filed Plaintiff's Motion for Summary Judgment ("Motion for Summary Judgment") (ECF No. 44). In the Motion for Summary Judgment, Plaintiff seeks judgment that any and all amounts awarded to Plaintiff in the FINRA Arbitration are non-dischargeable debts under §§ 523(a)(4)[5] and (a)(19). The Motion for Summary Judgment also requests that Defendant pay all costs and attorneys' fees associated with work performed in the captioned adversary proceeding. On February 21, 2019, Defendant filed the Affidavit in Response (ECF No. 46). Defendant's Affidavit in Response argues that the FINRA Award did not contain findings of facts regarding wrongful behavior on his part, that Plaintiff has never submitted any facts to support its accusations of "fraud, breach of fiduciary duty, churning, violations of securities

---

[3] Unless otherwise indicated, all references hereinafter are to 11 U.S.C. et seq.
[4] The Court issued a *Sua Sponte* Order Striking Debtor/Defendant's Request to Reinstate Stay (ECF No. 12) on August 3, 2018, which struck a section of the Rule 12(b)(6) Motion that asked for the Court to reinstate the automatic stay. Debtor's request for dismissal for failure to state a claim under Fed. R. Bankr. P. 7012(b)(6) and alternative request for more definite statement under Fed. R. Bankr. P. 7012(e) were denied at an oral ruling on November 28, 2018. (ECF No. 29).
[5] The Motion for Summary Judgment does not provide any factual or legal argument on its § 523(a)(4) claims. As such, the Court will only address the § 523(a)(19) claims.

statutes, and other types of wrongful conduct," and that punitive damages were specifically denied in the award itself. ( ECF No. 46, ¶ A). Defendant's Affidavit in Response included a memorandum (the "Memorandum") citing to various cases that was prepared by a third-year student at St. Mary's University School of Law. On February 28, 2019, Plaintiff filed Plaintiff's Reply (ECF No. 47), which asserts that Defendant's Affidavit in Response is a flawed attempt to relitigate the liability that has already been established by the FINRA Award. Plaintiff's Reply also argues that Defendant's Affidavit in Response does not respond to the arguments made in the Motion for Summary Judgment, and that Court should disregard the attached Memorandum in its entirety under Federal Rules of Civil Procedure 56(c)(4) and (e) because it is not based on Defendant's personal knowledge.

## STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); **Celotex Corp. v. Catrett**, 477 U.S. 317, 322 (1986). Initially, the movant must demonstrate lack of evidence supporting the nonmovant's case. *See* **Celotex Corp.**, 477 U.S. at 323. The burden then shifts to the nonmovant to present evidence that there is a genuine issue for trial. *Id.* at 324. A party cannot overcome summary judgment with "conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" **Davis v. Fort Bend Cnty.**, 765 F.3d 480, 484 (5th Cir. 2007) (quotation omitted). The Court must view all evidence in the light most favorable to the non-moving party. **Crawford v. Formosa Plastics Corp. La.**, 234 F.3d 899, 902 (5th Cir. 2000). If summary judgment is appropriate, the Court may resolve the case as a matter of law. **Celotex Corp.**, 477 U.S. at 323.

## LEGAL ANALYSIS

### A. Applicability of Factual Evidence Provided in Defendant's Affidavit in Response and Memorandum in Response to Plaintiff's Motion for Summary Judgment

The Court agrees with Plaintiff that Defendant's Affidavit in Response and the Memorandum are deficient. Federal Rule of Civil Procedure 56(c)(4), which is applicable in bankruptcy cases under Federal Rule of Bankruptcy Procedure 7056(c)(4), permits a party to submit an affidavit to support or oppose a motion for summary judgment.[6] Fed. R. Bankr. P. 7056(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."). Generally, "it is a settled rule in this circuit that an unsworn affidavit is incompetent to raise a fact issue precluding summary judgment." *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988). Under 28 U.S.C. § 1746, there is a statutory exception that allows unsworn declarations to substitute for the affiant's oath if the statements are made under "penalty of perjury" and verified as "true and correct." *Id*. Courts in the Fifth Circuit have consistently held that "unsworn declarations are insufficient if they are not phrased in a manner that subjects declarant to penalty of perjury." *Steward v. Abbott*, 189 F.Supp.3d 620, 628 (W.D. Tex. 2016); *see also Barraza v. United States*, 526 F.Supp.2d 637, 641 (W.D. Tex. 2007) ("It is essential that statements be under penalty of perjury in order to ensure that affiants cannot circumvent penalties for perjury in signing onto intentional falsehoods.").

In *Nissho-Iwai*, the defendant responded to a motion for partial summary judgment with "her own rendition of facts contained in a notarized, self-described 'affidavit.'" *Id*. at 1305. The

---

[6] Affidavits are not required under Fed. R. Civ. P. 56(c)(1), but if an affidavit is used, it must comply with Rule 56(c)(4).

defendant's affidavit was neither sworn, nor were its contents stated to be true and correct under penalty of perjury. *Id*. at 1305–06. The Fifth Circuit found that an unsworn affidavit must be disregarded as summary judgment proof if it is not in substantial conformity with 28 U.S.C. § 1746. *Id*. at 1306–07. (citing *Flowers v. Abex Corp.*, 580 F.Supp.1230, 1233 n.2 (N.D. Ill. 1984) to explain that "merely notarizing signature does not transform document into affidavit that may be used for summary judgment purposes").

The Affidavit in Response serves as Defendant's response to the Motion for Summary Judgment and provides a rendition of Defendant's statement of facts in a notarized, self-described affidavit. The Affidavit in Response notes that it was "subscribed and sworn to" before a notary public on February 21, 2019; however, the Affidavit in Response was not verified as true and correct, nor was it made under penalty of perjury. (ECF No. 46). As such, the Affidavit in Response is not in conformity with the requirements of 28 U.S.C. § 1746. Because the Affidavit in Response is not properly documented as sworn under penalty of perjury, the Court cannot consider it as summary judgment evidence. *Nissho-Iwai*, 845 F.2d at 1307. Consequently, the Court will disregard the Affidavit in Response, including the attached Memorandum, in its entirety.[7] The Court will consider other materials in the record to determine whether there are genuine issues of material fact in this matter. Fed. R. Bankr. P. 7056(c)(3) ("The Court need only consider the cited materials, but it may consider other materials in the record.").

---

[7] It was improper for Defendant to incorporate the Memorandum prepared by a third-year law student to present his legal argument. Even if the Court were to consider the Memorandum as a document separate from the Affidavit in Response that is not subject to the verification requirements of 28 U.S.C. § 1746, it does not comply with Fed. R. Bankr. P. 7056(c)(4) because it is not "made on personal knowledge," does not "set out facts that would be admissible in evidence," and does not show that "affiant or declarant is competent to testify on the matters presented." Fed. R. Bankr. P. 7055(c)(4).

### B. The Bankruptcy Court is the Appropriate Forum for Determining Dischargeability of the FINRA Award

Plaintiff contends that she is entitled to summary judgment that the $900,000 FINRA Award is non-dischargeable under 11 U.S.C. §§ 523(a)(4) and (a)(19). As a preliminary matter, Plaintiff asserts that the bankruptcy court is the appropriate forum for determining dischargeability of the FINRA Award. Plaintiff notes that Defendant has "repeatedly stated" that the FINRA Award is *de facto* dischargeable based on a letter issued by the FINRA Office of Dispute Resolution on May 3, 2018 (the "FINRA Letter") after the FINRA Award was issued.[8] The FINRA Letter provides that Defendant's association with FINRA member firms would be suspended unless he demonstrated that he either:

1. Paid the award in full;

2. Entered into a full-executed settlement agreement with the claimant(s), and [his] obligations thereunder [were] current;

3. Timely filed an action to vacate or modify an award and such motion [had] not been denied; or

4. Filed a petition in bankruptcy and the bankruptcy proceeding is pending, or the bankruptcy court has discharged the award or payment owed under the settlement agreement (collectively the "Rule 9554 enumerated defenses").

(*Motion for Summary Judgment*, ECF No. 44, Ex. B-5). According to Plaintiff, the FINRA Letter simply outlines defenses to Defendant's suspension from FINRA but does not state affirmatively that the FINRA Award is dischargeable.

The Court agrees with Plaintiff that the determination of whether a debt is non-dischargeable is a matter of federal bankruptcy law. ***Dennis v. Dennis (In re Dennis)***, 25 F.3d 274, 277 (5th Cir. 1994) (citation omitted). The Court also agrees with Plaintiff that the FINRA Letter

---

[8] Regarding the FINRA Letter, Defendant's 12(b)(6) Motion argues that "if the very agency issuing the award believes it may be discharged in bankruptcy, then the mere existence of the award is insufficient to justify a non-discharge of the debt under [§§ 523(a)(4) and (19)]." (ECF No. 6).

8

merely outlines the defenses that Defendant could have raised to avoid having his FINRA membership suspended. The contents of the FINRA Letter are neither binding nor persuasive to the Court on the issue of non-dischargeability of the FINRA Award under §§ 523(a)(4) and 523(a)(19). The FINRA Letter's inquiry to Defendant as to whether the FINRA Award was discharged in bankruptcy has no impact on the Court's duty to assess the merits of Plaintiff's non-dischargeability claims against Defendant in this adversary proceeding.

### C. Dischargeability of the FINRA Award Under § 523(a)(19)

Next, Plaintiff argues that the FINRA Award is conclusively non-dischargeable under § 523(a)(19) because the FINRA Panel has already determined Defendant's violations and proof of the entry of order of the violations has been tendered to this Court. Plaintiff argues, moreover, that Defendant is estopped from arguing any additional facts or law that would preclude him from liability for FINRA violations. Plaintiff relies on ***McGraw & Pfeifer Sutter Fam. LLC v. Collier (In re Collier)*** for the proposition that "judgments and settlements from state securities fraud causes are non-dischargeable without the need to relitigate in bankruptcy court." 497 B.R. 877, 903 (Bankr. E.D. Ark. 2013) (citation omitted). In response, Defendant has argued that the award cannot be deemed non-dischargeable under § 523(a)(19) because there were no findings of specific violations of securities laws, fraud, breach of fiduciary duty, or the imposition of punitive damages.

Section 523(a)(19) of the Bankruptcy Code provides that a discharge under § 727 does not discharge a debt that:

(A) is for—

>(i) the violation of any of the Federal securities laws, . . . any of the State securities laws, or any regulation or order issued under such Federal or State securities laws; or

>(ii) common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and

9

>    (B) results, before, on, or after the date on which the petition was filed, from
>
>       (i) any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding;
>
>       (ii) any settlement agreement entered into by the debtor; or
>
>       (iii) any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor.

11 U.S.C. § 523(a)(19) (West 2019). "The burden is on the creditor to show a debt is nondischargeable under § 523(a)." *Grogan v. Garner*, 498 U.S. 279, 283 (1991). For a debt to be non-dischargeable under § 523(a)(19), an objecting creditor must prove that: "(1) the debt is for violation of securities laws or for common law fraud in connection with the sale of a security; and (2) the debt must be memorialized in a judicial or administrative order, or in a settlement agreement." *Wright v. Minardi (In re Minardi)*, 536 B.R. 171, 191 (Bankr. E.D. Tex. 2015) (citing *Collier*, 497 B.R. at 902).

In *Collier*, the debtor, a financial advisor, advised the plaintiffs to purchase certificates of deposit that turned out to be part of a Ponzi scheme. 497 B.R. at 882. The plaintiffs argued that the debtor violated state securities laws and engaged in deceptive, misleading sales by unreasonably recommending the purchase of a security. *Id*. at 901. The plaintiffs asked the court to rule that if a court or tribunal did determine that Debtor violated securities laws, then such determination would be non-dischargeable. *Id*. Stated differently, the plaintiffs asked the court to determine the debtor's actual liability for state law securities violations and to find that such liability was non-dischargeable under § 523(a)(19). *Id*. The *Collier* court refused to determine the debtor's actual liability, requiring that there be a "non-bankruptcy forum's determination of the [d]ebtor's having violated securities law." *Id*. at 903. In dicta, the *Collier* court noted that "the primary purpose of

[§ 523(a)(19)] was to ensure that judgments and settlements from state securities fraud cases are nondischargeable without the need to relitigate in bankruptcy court." *Id*. (citing *Faris et al v. Jafari (In re Jafari)*, 401 B.R. 494, 496 (Bankr. D. Colo. 2009) (citation omitted).

Here, Plaintiff is not urging the Court to litigate the § 523(a)(19) claim on the merits. Rather, Plaintiff is requesting that the Court find, as a matter of law, that the FINRA Award is non-dischargeable because the FINRA Panel has already determined Defendant's violations of securities laws and breaches of fiduciary duty, and proof of the entry of the order of the violations has been tendered to this Court. (ECF No. 44. Ex. B-1.) Plaintiff asserts that Fifth Circuit courts have agreed with the reasoning in *Collier*. Specifically, Plaintiff cites to *Kokas v. Osborne (In re Osborne)*, a case from the United States Bankruptcy Court for Eastern District of Texas, which held:

> Once a determination of securities violation or related fraud has been made by a non-bankruptcy tribunal, and proof of the entry of that order or the existence of a settlement is tendered to the bankruptcy court, the debt is rendered nondischargeable under § 523(a)(19) without proof of any additional element in a manner outside the traditional analysis of issue preclusion principles.

No. 16-40903, Adv. No. 4068, 2017 WL 1232407, at *4 (Bankr. E.D. Tex. Apr. 3, 2017). Generally, other courts have held that § 523(a)(19) "provides for an underlying determination of liability that, in itself, serves as the basis for rendering a debt nondischargeable." *Voss v. Pujdak (In re Pujdak)*, 462 B.R. 560, 576 (Bankr. D.S.C. 2011).

Following the two-prong test discussed in *Collier*, *Osborne*, and *Minardi*, the Court finds that the FINRA Award is non-dischargeable under § 523(a)(19). First, the Court finds that the FINRA Panel, a non-bankruptcy tribunal, has issued its FINRA Award determining that Defendant is liable for compensatory damages, costs, and attorneys' fees in relation to violations of securities laws in connection with the sale of a security. Second, the Court finds that the compensatory

11

damages, costs, and attorneys' fees awarded to Plaintiff in the FINRA Award are memorialized in a judicial order that was entered in Bexar County District Court.

The Court concludes that the FINRA Award arose, at least in part, in connection with Defendant's violation of Texas securities laws. In her Statement of Claim filed with the FINRA Office of Dispute Resolution, Plaintiff asserted that Defendant, in violation of the Texas Securities Act, "offered and sold securities by means of untrue statements of material fact and/or omissions of material facts necessary in order to make statements made . . . which caused [Plaintiff] to suffer injury." (ECF No, 44, Ex. B-4). Plaintiff's Statement of Claim also includes counts against Defendant alleging violations of equitable principles of trade and fair dealing, and breach of fiduciary duty. (*Id.*)  Defendant filed a Statement of Answer in response to Plaintiff's Statement of Claim denying Plaintiff's allegations of Texas Securities Fraud. (*Id.*)

The FINRA Award reiterates that Plaintiff asserted causes of action in its Statement of Claim for "violations of the Texas Securities Act, violation of principles of equitable trade and fair dealing, supervision violations, breach of fiduciary duty, negligent training and supervision, and participatory and vicarious liability"[9] (the "FINRA Claims"). (*Id.*) The FINRA Panel, "after considering the pleadings, the testimony and evidence presented at the hearing, decided in full and final resolution of the issues submitted for determination" that Defendant is liable to Plaintiff for $625,000.00 in compensatory damages, $250,000.00 in attorneys' fees, and $30,000.00 in costs. (*Id.*)

The Court acknowledges Defendant's argument that the FINRA Award does not specifically indicate whether it was awarding damages, attorneys' fees, and costs based on certain

---

[9] As to Defendant. Plaintiff's Statement of Claim alleges violations of Texas Securities Act, violations of equitable principles of trade and fair dealing, breach of fiduciary duty, and attorney's fees and court costs. (ECF No. 44, Ex. B-4). Plaintiff's additional allegations of supervision violations, negligent training and supervision, and participatory and vicarious liability were brought only against Scottrade, Rubicon, and Heridia. (*Id.*)

or all the FINRA Claims. (ECF No. 5, p. 3.) Defendant, however, filed a Statement of Answer to the FINRA Claims denying the allegations made in Plaintiff's Statement of Claim and asserting various affirmative defenses. The FINRA Panel made determinations on the merits, and Defendant was given a meaningful opportunity to defend himself. The FINRA Award states that it was "decided in full and final resolution of the issues submitted for determination." (*Id*.) Once "a tribunal other than the bankruptcy court [determines] . . . whether a federal or state securities violation or some type of related fraud has occurred," the Court should not disturb or attempt to relitigate those findings. ***Minardi***, 536 B.R. at 192; *see* ***In re Chan***, 355 B.R. 494, 503 (Bankr. E.D. Pa. 2006) (recognizing that § 523(a)(19) was added to the Bankruptcy Code to "make judgments and settlements based upon securities law violations nondischargeable, protecting victims' ability to recover their losses"). Therefore, because the indebtedness owed to Plaintiff by Defendant is based in part upon violation of state securities violations, and because the indebtedness has been memorialized by entry of the FINRA Award and related judgment in Bexar County District Court, the Court finds that the FINRA Award is non-dischargeable pursuant to § 523(a)(19).

## CONCLUSION

The outstanding indebtedness owed by Defendant, Clyde Jones, to Plaintiff Nola Lanell Jenkins, Trustee of the Kathryn Childress Irrevocable Trust, comprised of compensatory damages in the sum of $625,000.00, costs in the sum of $30,000.00, and attorneys' fees in the sum of $250,000.00, all as established by the Agreed Order Granting Plaintiff's Application to Confirm Arbitration Award that was entered by the 166th Judicial District of Bexar County, Texas in cause number 2018CI07697 on September 25, 2019, are excepted from discharge pursuant to 11 U.S.C. § 523(a)(19).

For the foregoing reasons, it is ORDERED that Plaintiff's Motion for Summary Judgment (ECF No. 44) is GRANTED.

# # #